# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| GERALD W. HODNETT, ET AL. | * | CIVIL ACTION NO.  15-2158 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| LOGAN'S ROADHOUSE, INC., ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM RULING

Before the undersigned magistrate judge, on reference from the district court, is a motion to remand [doc. # 6] filed by plaintiffs Gerald W. Hodnett and Dorris Hodnett.[1]  The motion is opposed.  For reasons stated below, the motion is **GRANTED**.

### Background

On July 1, 2015, Gerald Hodnett and Dorris Hodnett, husband and wife (collectively, "the Hodnetts"), filed the instant petition for damages in the 4th Judicial District Court, for the Parish of Ouachita, State of Louisiana, against defendants, Logan's Roadhouse, Inc., and its unknown liability insurer, XYZ Insurance Co.  The Hodnetts allege that on, or about July 4, 2014, Gerald Hodnett suffered "significant injury" when he slipped and fell on a slippery, clear substance at Logan's Roadhouse's West Monroe, Louisiana location.  Specifically, Gerald Hodnett sustained "severe injuries, including pain in the neck, right leg, right knee, low back, right shoulder and right hand, as well as fractured wrist," resulting in "residual disability, physical pain and

---

[1] As this is not a motion excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

suffering, mental anguish and distress, medical expenses, disability and loss of past earnings." (Petition, ¶ 7).  Dorris Hodnett seeks recovery for her loss of consortium.  *Id*., ¶ 9.  The Hodnetts attribute the accident, and their resulting damages, to a defective condition on Logan's Roadhouse premises for which it is responsible.  *Id*., ¶ 4.

On August 7, 2015, Logan's Roadhouse removed the case to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332.  (Notice of Removal).  On September 4, 2015, plaintiffs filed the instant motion to remand the case to state court because the amount in controversy does not exceed $75,000, and therefore, the court lacks subject matter jurisdiction. Logan's Roadhouse filed its opposition on September 14, 2015.  Plaintiffs did not file a reply brief, and the time to do so has lapsed.  (Notice of Motion Setting [doc. # 7]).  Thus, the matter is ripe.

## Law and Analysis

Federal courts are courts of limited jurisdiction.  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted).  Thus, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes otherwise.  *Id*. Federal law authorizes the removal to federal court of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . ."  28 U.S.C. § 1441(a).

"The removing party bears the burden of showing that federal jurisdiction exists."  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)).  To determine whether jurisdiction is present, courts consider "the claims in the state court petition as they existed at the time of removal."  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)

(citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand."  *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

In this case, defendants invoked this court's original jurisdiction, via diversity, which requires complete diversity of citizenship between the adverse parties and an amount in controversy greater than $75,000.  28 U.S.C. § 1332(a).  Plaintiffs do not contest that the parties are diverse; rather, they dispute defendant's contention that the amount in controversy exceeds the jurisdictional minimum.

Pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011, the removal statute now specifies that

> [i]f removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
>
> > **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
> >
> > \*          \*          \*
> >
> > **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded . . .

28 U.S.C. § 1446(c)(2)(A)(ii).

In Louisiana state court cases, plaintiffs are prohibited from alleging a monetary amount of damages in the petition.  La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334).[2]  Thus,

---

[2]  Albeit, plaintiffs are required to allege when their damages are insufficient to support federal jurisdiction.  La. Code Civ. P. Art. 893A.  However, courts have recognized that a party cannot create federal jurisdiction by omission, which is just as likely the result of inadvertence,

the removing defendant must assert the amount in controversy in the notice of removal, which "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

Here, of course, plaintiffs challenge defendant's amount in controversy allegation. In *Dart Cherokee*, the Supreme Court recently explained that, "[i]n such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee, supra*. In this case, neither side has submitted proof regarding amount in controversy. However, because "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court,"[3] the court must construe the equipoise against a finding of subject matter jurisdiction.

In lieu of evidence, defendant appears to rely on plaintiffs' damages allegations to meet its burden of proof. Prior to *Owens*, a removing defendant could satisfy its burden of supporting federal jurisdiction by establishing that it was "facially apparent" from the petition that the claims probably exceed $75,000. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *accord St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998). It is unclear, however, whether this alternative method of proof survives *Dart Cherokee*. *See Statin v. Deutsche Bank Nat. Trust Co.*, 599 Fed. Appx. 545, 546 n.1 (5th Cir.2014) (noting the potential change wrought by *Dart Cherokee*); *Akins v. Ace Am. Ins. Co.*, Civ Action No. 14-0653, 2015 WL 566678, at *2 (M.D. La. Feb. 10, 2015) (questioning whether the framework remains viable

---

rather than by design. *See e.g.*, *Lilly v. Big E Drilling Co.*, Civ Action No. 07-1099, 2007 WL 2407254 (W.D. La. Aug. 20, 2007).

[3] *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).

after *Dart Cherokee*).

Nonetheless, even if the "facially apparent" alternative survives *Dart Cherokee*, the court is not persuaded that it is satisfied in this case.  As in *Simon v. Wal-Mart, Inc.*, plaintiffs have alleged, with little specificity, damages from less severe injuries; together with unidentified medical expenses; no specific types of medical treatment; and no allegations of disability.  *See Simon v. Wal-Mart, Inc.*, 193 F.3d 848 (5th Cir. 1999); *compare Gebbia v. Wal-Mart Stores, Inc.* 233 F.3d 880, 882 -883 (5th Cir. 2000).[4]  In short, the extent and severity of plaintiff's injuries and damages, as of the time of removal, remain ambiguous.[5]

## Conclusion

In sum, plaintiff's petition does not support diversity jurisdiction on its face, nor did removing defendant allege or aver additional facts which would support federal jurisdiction.  *See*

---

[4]  Gerald Hodnett alleged "severe injuries" and seeks recovery for,
a)      Past, present, and future medical expenses;
b)      Past, present, and future physical pain and suffering and loss of function;
c)      Past, present, and future mental anguish and emotional distress;
d)      Past and present loss of wages and future earnings capacity;
e)      Scarring and disfigurement; and
f)      Loss of enjoyment of life.
(Petition, ¶¶ 7-8).
Defendant seems to suggest that the court should aggregate Dorris Hodnett's claims with her husband's to satisfy the jurisdictional threshold.  Ordinarily, however, this is not permitted. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir.1995).

[5]  Citing a trio of district court decisions from jurisdictions as diverse as Florida, Georgia, and Michigan, defendant emphasizes that it was required to file a notice of removal within 30 days, or risk losing its right to remove the matter to federal court.  (Def. Opp. Memo., pgs. 3-4). However, more recent authority by the Fifth Circuit should assuage defendant's concerns.  *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir.2013) (removal clock not triggered where complaint did not contain a "specific allegation that damages are in excess of the federal jurisdictional amount.").

*Simon, supra*.  Accordingly, subject matter jurisdiction is lacking and remand is required.  28 U.S.C. § 1447(c).[6]

For the foregoing reasons,

IT IS ORDERED that the motion to remand [doc. # 6] filed by plaintiffs Gerald Hodnett and Dorris Hodnett is hereby GRANTED; by separate judgment, the court will REMAND the case to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana.

In Chambers, at Monroe, Louisiana, this 25th  day of September 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[6]  It is conceivable that defendant may re-remove this matter to federal court if, at a later date, it becomes "unequivocally clear and certain" that the amount in controversy does exceed $75,000.  *See Capturion Network, LLC v. Daktronics, Inc.*, 2009 WL 1515026, *8 n5 (S.D. Miss. May 29, 2009).

6